# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| *Plaintiff,* | § | |
| v. | § | **CASE NO. 6:22-CR-00064-DC** |
| **(1) MORREUTO VANTRICE HARRIS,** | § | |
| *Defendant,* | § | |

## ORDER DENYING MOTIONS TO RECONSIDER
## DETENTION ORDER (ECF NOS. 773 AND 774)

Before the Court are two *pro* se motions to reconsider the defendant's detention. ECF Nos. 773 & 774. Both motions are filed by the defendant individually, despite him being represented by very competent counsel. Both motions move for reconsideration of the defendant's pretrial detention, but neither provides a factual basis for such reconsideration. Rather, each generally discusses the Bail Reform Act and states that the defendant is willing to comply with any pretrial release conditions that this Court feels are necessary. ECF No. 773 at 4; ECF No. 774 at 4.

These are the defendant's third and fourth *pro se* motions to reconsider his pretrial detention. The defendant sought reconsideration on March 6, 2023, May 5, 2023, and November 14, 2024. ECF Nos. 549, 573, & 726. Each prior motion was denied by text order because the defendant was represented by counsel, and did not have a right to dual representation—partly by counsel and partly by himself. *See* Text Orders dated March 23, 2023, May 25, 2023, & Nov. 25, 2024 (citing *Neal v. State of Tex.*, 870 F.2d 312, 315 (5th Cir. 1989)). Nothing has changed since those prior motions and orders.

The defendant's pending motions should be DENIED. The defendant is currently represented by highly competent counsel and does not have a right to hybrid representation. *See United States v. Ogbonna*, 184 F.3d 447, 449 & n. 1 (5th Cir.1999) (citing *Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996) as authority to deny a defendant's request to file a *pro se* reply); *United States v. Lopez*, 313 F. App'x 730, 731 (5th Cir. 2009) (citing *Ogbonna* as support for denying a defendant's *pro se* motion to dismiss under the Speedy Trial Act). Further, the defendant is charged with an offense that creates a rebuttable presumption of detention. *Compare* ECF No. 219 (Superseding Indictment) *with* 18 U.S.C. § 3142(e)(3) ("Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)"). Neither of the defendant's motions present any evidence that would rebut the presumption.

For these reasons, the defendant's motions for reconsideration (ECF Nos. 773 & 774) are **DENIED**.

SIGNED this 20th day of May, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE